■ TIVOLI PROPERTIES, INC., et al., Respondents, v RIVER TOWER ASSOCIATES et al., Appellants.—

Plaintiffs, as tenants, had a three-year lease with defendant River Tower Associates, as landlord, for a penthouse-floor apartment. Defendant Macklowe, a principal of River Tower, occupied another apartment on the penthouse floor. Among other things, the complaint alleges a constructive eviction arising out of construction work in Macklowe's apartment that caused substantial dust, noise, vibrations, low water pressure, and blockage of access to plaintiffs' apartment. Defendants counterclaimed for rent. Plaintiffs' inspection of both their former apartment and Macklowe's is relevant to what construction occurred, the general design of the premises, the anticipated effects of renovation on both parties, and how the dust, noise, and vibration were produced and infiltrated plaintiffs' apartment. Disclosure of the lease on their own former apartment, in effect January 1, 1985 through December 31, 1989, as well as the leases on the other penthouse-floor apartments that were in effect for calendar year 1988, except for Macklowe's, are potentially relevant to damages; however, because Macklowe is a principal of the landlord, his lease, unlike the others, would not be a reliable measure of fair market rental value, and thus, to the extent discovery of his lease was sought, the protective order should have been granted. Concur—Kupferman, J. P., Milonas, Asch, Wallach and Rubin, JJ.